# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVIS BARTON,                  )
                               )
    Petitioner,              )
                               )    1:11CR349-1
    v.                       )    1:12CR255-1
                               )    1:13CV913
UNITED STATES OF AMERICA,      )
                               )
    Respondent.              )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Thomas D. Schroeder) entered judgment against Petitioner imposing, inter alia, a 210-month term of imprisonment, as a result of his guilty plea to four counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket Entry 16; see also Docket Entries dated Feb. 8 and Nov. 5, 2012 (documenting plea and sentencing hearings).)[1]

---

[1] Unless otherwise noted, parenthetical citations refer to Case Number 1:11CR349, which arose from Petitioner's indictment on two of the four bank robbery charges addressed in the above-cited Judgment (see Docket Entry 1). At the time of Petitioner's guilty plea to those two bank robberies, his counsel "notified the [C]ourt that there [we]re [two] additional [bank robbery] charges in the EDNC that may be transferred . . . [and that Petitioner] expected to enter [a] guilty plea for those charges as well so that the Presentence Report may encompass both the MDNC and EDNC charges." (Docket Entry dated Feb. 8, 2012.) That transfer occurred (Case Number 1:12CR255, Docket Entry 1) and Petitioner pleaded guilty as forecast (Case Number 1:12CR255, Docket Entry dated Aug. 23, 2012). The Clerk has docketed all of Petitioner's collateral filings in both his criminal cases. (Compare Case Number 1:11CR349, Docket Entries dated Nov. 5, 2012, to present, with Case Number 1:12CR255, Docket Entries dated Nov. 5, 2012, to present.)

Petitioner thereafter timely filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry 20), along with a supporting brief (Docket Entry 21).[2] Petitioner then filed a document entitled "Amended and Supplement Pleadings." (Docket Entry 24.) The United States has responded (Docket Entry 30) and Petitioner has replied (Docket Entry 33).

Petitioner's Section 2255 Motion asserts that he "was wrongly enhanced beyond the prescribed range under the Sentencing Guidelines." (Docket Entry 20, ¶ 12(Ground One).) This claim revolves around Petitioner's contention that, in determining his advisory Sentencing Guidelines range, the Court violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S. Ct. 2115 (2013), by adding offense levels under U.S.S.G. §§ 3A1.2 and 3C1.2. (<u>See</u> Docket Entry 21.) "Because [Petitioner] was sentenced below the statutory maximum[] [for his offenses of conviction], his [<u>Apprendi</u>] argument is without merit." <u>United States v. McKoy</u>, 498 F. App'x 369, 370 (4th Cir. 2012); <u>accord</u> <u>United States v. Miller</u>, 372 F. App'x 358, 358-59 (4th Cir. 2010). Similarly, "[a]s <u>Alleyne</u> had no effect on Guidelines enhancements, [Petitioner's Section 2255 Motion] is without merit." <u>United States v. Holder</u>, 549 F. App'x 214, 215 (4th Cir. 2014); <u>accord</u> <u>United States v. Benn</u>, 572 F. App'x 167,

---

[2] Petitioner did not appeal. (Docket Entry 20, ¶ 8.)

179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014).[3]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Case Number 1:11CR349, Docket Entry 20; Case Number 1:12CR255, Docket Entry 12) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 20, 2015

---

[3] Petitioner's supplemental filing and reply appear to argue that the Court erred in including the upward adjustments under U.S.S.G. §§ 3A1.2 and 3C1.2, not only pursuant to Apprendi and Alleyne, but also because he qualified as a Career Offender under U.S.S.G. § 4B1.1. (See Docket Entries 24, 33.) Any such argument fails as a matter of law. See United States v. Coppedge, 490 F. App'x 525, 530 (4th Cir. 2012) ("With respect to the computation of the offense level, the PSR [Presentence Report] did apply the [C]areer [O]ffender enhancement and initially set the offense level to 34. However, § 4B1.1 notes that [its default offense level] only applies 'if the offense level for a [C]areer [O]ffender from the table in this subsection is greater than the offense level otherwise applicable.' When the PSR calculated the offense level based on the particular facts of the case — the base offense level, the managerial role enhancement, and the obstruction of justice enhancement — the offense level came to 43. Thus as the PSR noted, 'in that the offense level calculated above is greater than the offense level determined by 4B1.1, 34, the higher offense level is utilized.' The PSR therefore correctly calculated the Appellant's guideline sentence." (internal brackets and citations omitted)).